Case 3:10-cv-02094-F Document 14 Filed 02/11/11 Page 1 of 2 PageID 61



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 11 2011
CLERK, U.S. DISTRICT COURT
By _____ Deputy 5:07 p.m.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LFP INTERNET GROUP LLC, § | | |
| Plaintiff, § | | |
| § | Civil No. 10-cv-2094-F | |
| v. § | | |
| § | | |
| DOE 1, § | | |
| Defendants, § | | |

## ORDER VACATING THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE AND ORDER TO SHOW CAUSE

On October 22, 2010, the Court Granted Plaintiff's Motion for Leave to Take Discovery Prior to Rule26(f) Conference. *See* Docket No. 5. The Court recently entered an Order severing all Defendants except Doe 1 and quashing all subpoenas served on the ISPs listed in Exhibit A of Plaintiff's Original Complaint (Docket No. 1-1). After further consideration, the Court finds that allowing Plaintiff to Take Discover Prior to a Rule 26(f) Conference could materially affect Defendant Doe's interests, but because Defendant Doe's identity has yet to be ascertained, Defendant Doe cannot represent his or her interests before this Court. Accordingly, the Court VACATES its Order granting Plaintiff's Motion for Leave to Take Discovery.

Additionally, the Court enters this Order to Show Cause why the Court should not appoint an attorney ad litem to represent Defendant Doe's interests in the Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference. It is ORDERED that Plaintiff

1

RESPOND to this Order to Show Cause on or before February 28, 2011. In the event that there is no response to this Order the Court will appoint an attorney ad litem to represent Defendant Doe's interests in the Motion for Leave to Take Discovery.

Further, it is ORDERED that Defendant Doe's internet service provider ("ISP"), listed in Exhibit A to Plaintiff's Original Complaint as "Comcast Cable," preserve existing activity reports for the Internet Protocol ("IP") address listed in Exhibit A pending the resolution of the Discovery Motion. The ISP is required to retain activity records only for the specific date and time logged for the IP address, and then only to the extent necessary to identify Defendant Doe's name, address, telephone number, e-mail address, and Media Access Control address. Plaintiff is directed to serve a copy of this Order on the affected ISP. The ISP has thirty (30) days from the date of this Order to respond to the Discovery Motion, if they desire to do so.

It is so Ordered.

Signed this 11 day of February, 2011.

Royal Furgeson
Senior United States District Judge